IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   04-cv-02575-RPM

BADGER METER, INC.,

       Plaintiff,

v.

MOUNTAIN STATES PIPE & SUPPLY CO.,

       Defendant.

---

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
DISMISSING AMENDED COUNTERCLAIM

---

      This civil action arises out of a distributorship agreement between the plaintiff, Badger Meter, Inc., and the defendant Mountain States Pipe & Supply Co. whereby Mountain States was the distributor selling products manufactured by the plaintiff. That contract contained a provision permitting either party to terminate the relationship on 60 days' notice.  Badger, by a letter, dated November 8, 2004, transmitted to Mountain States by a facsimile transmission, gave notice of its election to terminate the agreement under that provision, effective January 10, 2005.  On December 15, 2004, Badger gave notice of immediate termination of the relationship for a violation of a provision in the agreement that Mountain States would not handle competitive products.  On the same date, December 15, 2004, Badger filed this lawsuit, alleging that breach, based on a purported judicial admission by Mountain States in an action in the District Court, El Paso County, Colorado, against its former chief executive officer that Mountain States had a corporate strategy to offer a

system in direct competition with Badger. No specific factual allegations were contained in Badger's complaint as to what conduct of Mountain States violated the agreement. Mountain States answered and counterclaimed for breach of contract, breach of implied covenant of good faith and fair dealing and defamation. The counterclaim was later amended to include a claim of tortious interference with customer relationships. Badger filed a motion for summary judgment for the dismissal of all of the counterclaims.

From the papers filed by the respective parties, the Court finds and concludes that there is no dispute concerning the contractual right of Badger to terminate the distributorship agreement without cause. Accordingly, the contractual relationship was effectively terminated on January 10, 2005. What is in dispute is the conduct of Badger between those dates in the manner in which it notified the customers of Mountain States that the distributorship would be terminated, beginning November 10, 2004.

It is also disputed whether there was proper cause for the immediate termination of the agreement attempted by Badger by its notice of December 15, 2004, and the initiation of this lawsuit. The plaintiff relies heavily on the doctrine of judicial admission with respect to an allegation in the El Paso County complaint but the doctrine is not applicable here. Moreover, Mountain States corrected that allegation in amending that pleading.

There is further support for the defendant's counterclaims in the apparently less than coincidental circumstances that the chief executive officer of Mountain States abruptly resigned from his employment on November 11, 2004, formed

another company and obtained a franchise agreement from Badger, replacing Mountain States in the market. There is circumstantial evidence to suggest that the November 9, 2004, notice was an implementation of a plan by the plaintiff to substitute distributors and to effectively steal the business of Mountain States by taking over its customers.

While there may be some question about the defamation claim and while the damage theories may be inappropriate with respect to the amount of damages claimed by the defendant, there is no basis for dismissing the counterclaims under Fed.R.Civ.P. 56. It is therefore

ORDERED that the plaintiff's motion for summary judgment of dismissal of the counterclaims is denied.

Dated: February 24th, 2006.

                                        BY THE COURT:

                                        s/Richard P. Matsch

                                        _____
                                        Richard P. Matsch, Senior District Judge